# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agerkop *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Sisyphian LLC *et al.*, <br><br> Defendants. | Case No.: CV 19-10414-CBM-(JPRx) <br><br> **ORDER RE: PLAINTIFFS TEQUILLA TOLBERT AND KARA WALDRON-PARODI'S MOTION TO VACATE ORDER COMPELLING THEIR CLAIMS TO ARBITRATION AND LIFT STAY [59]** |

The matter before the Court is Plaintiffs Tequilla Tolbert and Kara Waldron-Parodi's Motion to Vacate Order Compelling their Claims to Arbitration and Lift Stay (the "Motion"). (Dkt. No. 59.)

## I. BACKGROUND

This is a putative wage and hour class and collective action arising from Defendants Sisyphian, LLC dba Xposed Gentlemen's Club ("Sisyphian") and Brad Barnes' ("Barnes'") alleged misclassification of Plaintiffs and other exotic dancers who perform/performed at Defendants' Xposed Gentlemen's Club as independent contractors, rather than employees. Plaintiffs Stefanie Agerkop, Tequilla Tolbert, and Kara Waldron-Parodi (collectively, "Plaintiffs") filed a First Amended Complaint ("FAC") as a matter of right, which asserts twelve causes of action: (1) failure to pay minimum wages, 29 U.S.C. § 206; (2) failure to pay

overtime wages, 29 U.S.C. § 207; (3) unlawful taking of tips, 29 U.S.C. § 203; (4) failure to pay minimum wage in violation of Cal. Lab. Code §§ 1194 & 1197; (5) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, 1194 & 1197; (6) failure to furnish accurate wage statements, Cal. Lab. Code § 226; (7) waiting time penalties, Cal. Lab. Code §§ 201, 203; (8) failure to indemnify business expenses in violation of Cal. Lab. Code § 2802; (9) Compelled Patronization of Employer and/or other Persons in violation of Cal. Lb. Code § 450; (10) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (11) Illegal Kickbacks, 29 C.F.R. § 531.35; and (12) Forced Tip Sharing, 29 C.F.R. § 531.35. (Dkt. No. 24.) After the FAC was filed, Plaintiffs filed a notice of consent to sue form signed by Emma Radding. (Dkt. No. 25.)

On August 10, 2020, the Court granted Defendants' motions to compel arbitration on the issue of arbitrability of each of the three named Plaintiffs' individual claims and to stay the three named Plaintiffs' claims during the pendency of the individual arbitrations. (Dkt. No. 41.) The Court did not stay the entire action because Defendants had not moved to compel arbitration of opt-in Plaintiff Radding's claims. (*Id.*) On August 18, 2020, the Court preliminarily certified the Fair Labor Standards Act ("FLSA") collective class, and granted Plaintiffs' Motion for Issuance of Notice Pursuant to § 216(b) of the FLSA to permit notice to be given to class members (the "FLSA Notice"). (Dkt. No. 42.) However, on October 13, 2020, the Court granted Defendants' Petition to Compel Binding Arbitration as to the Arbitrability of opt-in plaintiff Radding's claims and stayed the entire action pending the arbitrations of Agerkop, Tolbert, Waldron-Parodi, and Radding's claims, including a stay of the issuance of the FLSA Notice. (Dkt. No. 56.)[1]

---

[1] On October 23, 2020, the Court approved the parties' stipulation to submit opt-in plaintiff Alexis Jackson's claims to binding arbitration and stay the action during the pendency of the arbitrations of Agerkop, Tolbert, Waldron-Parodi, Radding, and Jackson's claims. (Dkt. No. 58.)

After the Court compelled Agerkop and Moving Plaintiffs' claims to arbitration, Agerkop and the Moving Plaintiffs each submitted individual demands for arbitration with Signature Resolution. The Hon. Richard Stone was appointed as the arbitrator in the three separate arbitrations.[2] Signature Resolution submitted three separate invoices to Defendants for payment of $12,765.00 in each of the three arbitrations for the following fees:

1. Defendants' one time administrative fee: $1,500
2. Defendant's portion of claimant's one time administrative fee: $1,065
3. Telephonic arbitration management conference: $1,700
4. 5 hour retainer: $8,500

(Kristensen Decl. ¶ 6, Ex. 1; Cohon Decl. ¶ 10.) Defendants' deadline to pay the $12,765 amount due on each of the invoices was October 12, 2020. (Kristensen Decl. Ex. 1.) Plaintiffs' counsel declares payment of the amount due in the invoices was necessary for each of the arbitrations to proceed but Defendants did not submit the required payments by the deadline. (*Id.* ¶ 6.) On December 21, 2020, Signature Resolution sent defense counsel an email informing them payment of the amount due per the invoices had not been received. (*Id.* ¶ 8, Ex. 2.) On January 5, 2021, Signature Resolution sent a second email notifying defense counsel that payment for the invoices still had not been received. (*Id.* ¶ 10, Ex. 3.) On January 6, 2021, Defendants made a late payment for Agerkop's arbitration only. (*Id.* ¶ 11.)[3] On January 6, 2021, Defendants also submitted an "Ex Parte Application to Relate Arbitration Cases and To Enter Order Streamlining the Arbitration Cases and Revising Fee Schedule" to arbitrator Stone

---

[2] Plaintiffs' counsel declares arbitrator Stone's appointment in the three arbitration proceedings was not the result of any agreement to arbitrate Agerkop and Moving Plaintiffs' claims collectively but instead a fortuitous result after the arbitrator selection process was completed in each of the three arbitrations. (Kristensen Decl. ¶ 5.)

[3] Plaintiffs' counsel declares even though Defendants' payment was late, Agerkop is willing and will proceed with her claims in arbitration. (Kristensen Decl. ¶ 12.)

seeking to "relate" the three separate arbitration proceedings initiated by Agerkop, Tolbert and Waldron-Parodi, and requesting arbitrator Stone to 1) issue an order requiring Defendants to "pay a single, one-time administrative fee to cover the three claimants, and a single, one time charge for Respondents' portion of Claimants' one-time administrative fee for all three claimants"; and 2) "charge a single, advance fee for the telephonic arbitration management conference and a single, advance fee for the arbitration management conference to cover all three Claimants' arbitrations."

On January 19, 2021, Plaintiffs Tolbert and Waldron-Parodi (hereinafter, "Moving Plaintiffs") filed the instant Motion which seeks to vacate the Court's order compelling Moving Plaintiffs' claims to arbitration, and lift the stay of the action including the stay of the FLSA Notice based on Defendants' refusal to pay the arbitration costs for Tolbert and Waldron-Parodi's arbitration proceedings. (Dkt. No. 59.) Defendants' opposition to the Motion was due on January 26, 2021 based on the original noticed hearing date, but no opposition was filed. On January 27, 2021, the Court issued an order lifting the stay in this action solely with respect to the Motion, and gave Defendants additional time to file an opposition or notice of non-opposition to the Motion. The matter is now fully briefed.

## II. DISCUSSION

**A.  Cal. Code Civ. Proc. §§ 1281.97 and 1281.98**

Moving Plaintiffs contend Defendants waived their right to compel arbitration and materially breached the parties' arbitration agreements under Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 by failing to timely pay the balance due in the invoices for Tolbert and Waldron-Parodi's arbitrations.

California Code of Civil Procedure § 1281.97 provides:

> (a) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and

4

> costs before the arbitration can ***proceed***, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may . . . [w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction.

(Emphasis added.) Similarly, Section 1281.98 provides:

> (a) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs ***during the pendency*** of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material breach.
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may unilaterally elect to . . . [w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction."

Cal. Code Civ. Proc.§ 1281.98 (emphasis added).

Defendants do not dispute they did not pay the $12,765 balance in the invoices issued for each of Tolbert and Waldron-Parodi's individual arbitrations within 30 days of the October 12, 2020 due date. Therefore, the Court finds Defendants materially breached the arbitration agreements as to Plaintiffs Tolbert and Waldron-Parodi resulting in Defendants' default in each of the arbitration proceedings initiated by Tolbert and Waldron-Parodi. *See also Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (finding "Aden's failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration" and holding the district court did not clearly err in finding the employer defaulted in arbitration by failing to pay the required arbitration costs).[4] Accordingly, Tolbert and Waldron-Parodi have the unilateral

---

[4] *Sink v. Aden Enterprises* was an appeal from the District Court for the District of Oregon and therefore Cal. Civ. Proc. Code §§ 1281.97 and 1281.98 were not at issue. Nevertheless, the Ninth Circuit found the employer's failure to pay the

right to elect to withdraw their claims from arbitration and proceed with their claims before this Court pursuant to California Code of Civil Procedure §§ 1281.97 and 1281.98.[5] *See Dekker v. Vivint Solar, Inc.*, 2020 WL 4732194, at *5 (N.D. Cal. Aug. 14, 2020) (granting the plaintiffs' motion to vacate order compelling arbitration where the defendants waited more than 30 days after the due date to submit their arbitration payment, noting "[w]aiting is delay, and delay is exactly what the legislature sought to stop" in enacting Cal. Civ. Proc. Code § 1281.97); *Tapia v. Braiform Enters., Inc.*, 2020 WL 5167740, at *3 (C.D. Cal. July 17, 2020) (granting motion to lift stay of case pending arbitration pursuant to Cal. Civ. Proc. Code § 1281.97, finding the defendant was in material breach of the parties' arbitration agreements where the defendant failed to pay the fees required to initiate the arbitration by the deadline and more than 30 days had passed since the payment deadline).

**B.  Delegation Clause in the Arbitration Agreements**

Defendants argue the instant Motion is improper because payment of arbitration fees is a procedural condition precedent to be decided by the arbitrator based on the delegation clauses in the arbitration agreements signed by Agerkop, Tolbert and Waldron-Parodi.

In the Court's Order compelling arbitration of Agerkop, Tolbert and Waldron-Parodi's claims, the Court found the delegation clause in each of the arbitration agreements was valid, and therefore granted Defendants' motion to

---

required costs of arbitration in that case was a material breach of its obligations under the parties' arbitration agreement.

[5] On March 14, 2021, after the Motion was fully briefed, Defendants filed a "Notice of Defendants' Full Payment of Arbitration Fees Pursuant to March 6, 2021 Order of Arbitrator Richard A. Stone," wherein Defendants submitted copies of receipt demonstrating payment of $12,765 for the outstanding invoices in Tolbert and Waldron-Parodi's arbitration proceedings. (Dkt. No. 67.) However, Defendants' subsequent payment does not alter the Court's finding that are in default in Tolbert and Waldron-Parodi's arbitration proceedings by failing to pay the amount due in those arbitrations within 30 days of the due date set forth in the original invoices.

6

compel arbitration regarding the issue of the arbitrability of Agerkop, Tolbert and Waldron-Parodi's claims. (Dkt. No. 41 at 6-7.) Therefore, whether the three arbitrations should be "related" as requested by Defendants is within the arbitrator's exclusive authority pursuant to the delegation clause. *See Adams v. Postmates, Inc.*, 823 F. App'x 535, 536 (9th Cir. 2020). However, the arbitrator's authority pursuant to the delegation clause to determine the manner in which the arbitrator resolves the three arbitration proceedings brought by Agerkop, Tolbert, and Waldron-Parodi (to the extent they are pending before him) does not preclude this Court from ruling on the instant Motion regarding the effect of Defendants' failure to pay required fees within 30 days of the due date in the arbitration proceedings initiated by Tolbert and Waldon-Parodi. Therefore, the delegation clause in the parties' arbitration agreements is not a basis for denial of the instant Motion.

**C.     Preemption**

Defendants also argue Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are preempted by Section 2 of the Federal Arbitration Act ("FAA") because SB 707, codified at Cal. Code Civ Proc. § 1281.97, is preempted by the FAA since it "applies *only* to arbitration agreements and penalizes *only* drafting parties" and provides no remedy to the drafting party if the non-drafting party fails to pay fees or otherwise breaches the arbitration agreement.[6]

Section 2 of the FAA provides written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. California Code of Civil Procedure §§ 1281.97 and 1281.98, however, do not invalidate arbitration agreements. Rather, Sections 1281.97 and 1281.98 encourage arbitration by providing remedies for employees in situations where the employer materially

---

[6] Defendants do not cite any cases wherein a court has found Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are preempted by the FAA.

7

breaches its obligations under the arbitration agreement by failing to pay required arbitration fees. *See Postmates Inc. v. 10,356 Individuals*, 2021 WL 540155, at *7-8 (C.D. Cal. Jan. 19, 2021) (holding SB 707, codified at Cal. Civ. Proc. Code § 1281.97, "is not preempted by the FAA because it does not invalidate arbitration agreements" but instead "encourages their prompt enforcement by expanding the remedies available to parties seeking to enforce their rights through arbitration in an efficient manner," noting "the FAA does not preempt state laws that make arbitration *more effective* by providing targeted remedies *in aid* of arbitration" and finding "rather than render arbitration agreements invalid or unenforceable, SB 707 *encourages* arbitration by changing the remedies available to non-drafting parties when drafting parties delay the process and refuse to pay required fees"); *see also id*. (finding "SB 707 is pro-arbitration because it makes arbitration more effective and efficient," reasoning "[i]nstead of nullifying arbitration agreements, the law ensures a speedy resolution under their terms by preventing parties such as Postmates from holding hostage employees' or consumers' validly arbitrable claims," emphasizing "there is a difference between laws that invalidate arbitration agreements and laws that codify remedies available to assist arbitration").

Moreover, the FAA "contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989). While a state law may "be pre-empted to the extent that it actually conflicts with federal law—that is, to the extent that it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,'" *id.*, Cal. Civ. Proc. Code §§ 1281.97 and 1281.98 are consistent with the purpose of the FAA for efficient and expeditious resolution of claims by dis-incentivizing employers from delaying adjudication in arbitration by refusing to pay required arbitration fees. *See Sink*, 352 F.3d at 1201 (noting "[o]ne purpose of the FAA's

liberal approach to arbitration is the efficient and expeditious resolution of claims" and finding the employer's failure to pay required costs of arbitration "was a material breach of its obligations in connection with the arbitration" and emphasizing the purposes of the FAA would be frustrated by "allow[ing] a party refusing to cooperate with arbitration to indefinitely postpone litigation" by failing to pay required fees, and also "requiring a district court to enter an order returning parties to arbitration upon the motion of a party that is already in default of arbitration"); *Dekker*, 2020 WL 4732194, at *4 (noting in passing Cal. Civ. Proc. Code § 1281.97, "[t]he legislature expressly sought to *avoid* a 'perverse incentive scheme' whereby ambiguity in the law allowed companies to delay adjudication, perhaps even affording them 'an *incentive* to refuse to arbitrate claims ... in the hope that the frustrated [employees and consumers] would simply abandon them,'" and "[t]he California legislature emphasized timely dispute resolution" and "acknowledged that § 1281.97's material breach provision was a 'strict yet reasonable' response in light of the needless delay of arbitration.") (citing Assemb. Judiciary Comm. Hr'g on SB 707 at 9 (Cal. June 18, 2019)).[7]

Accordingly, the Court finds Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are not preempted by the FAA.

### D. Contracts Clause

Defendants also contend Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are unconstitutional under the contract clause provisions of the California and United States constitutions because they are "contrary to the parties' expectations by requiring only Defendants to honor that agreement and imposing strict penalties

---

[7] A state law may also be preempted by the FAA if it "discriminat[es] on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim.'" *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017). However, Cal. Civ. Proc. Code §§ 1281.97 and 1281.98 do not prohibit arbitration of a particular type of claim. Rather, as discussed above, they provide employees with remedies where the employer delays arbitration by refusing to pay mandatory arbitration fees.

on Defendants for any potential nonpayment of fees (regardless of justification)."[8]

The United States Constitution and the California Constitution prohibit the passage of laws that impair the obligation of contracts. *See* U.S. Const. art. I, § 10 ("No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."); Cal. Const., art. I, § 9 ("A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed."). To determine whether a law violates the federal Contracts Clause, courts apply a multi-step inquiry. *Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018). "The threshold issue is whether the state law has operated as a substantial impairment of a contractual relationship." *Id.* at 1821–22. "In answering that question, the Court has considered the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Id.* at 1822. If there is no substantial impartment, then the inquiry ends. However, "[i]f such factors show a substantial impairment, the inquiry turns to the means and ends of the legislation." *Id.* "In particular, the Court has asked whether the state law is drawn in an 'appropriate' and 'reasonable' way to advance 'a significant and legitimate public purpose.'" *Id.* (citing *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–12 (1983)). The same analysis applies in determining whether a law violates the Contracts Clause of the California constitution. *See Barrett v. Dawson*, 61 Cal. App. 4th 1048, 1054-55 (1998) (applying multi-step analysis for determining whether there is a violation of the federal Contracts Clause to determine whether there is a

---

[8] Defendants do not cite any cases wherein a court has found Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are unconstitutional because they violate the Contracts Clause.

violation of the Contracts Clause of the California Constitution).

The Court finds Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 do not violate the Contracts Clause of the United States and California constitutions because it supports rather than impairs arbitration agreements. *See Postmates Inc. v. 10,356 Individuals*, 2021 WL 540155, at *10 (C.D. Cal. Jan. 19, 2021) (holding SB 707 does not violate the Contracts Clause of the U.S. or California constitution, noting "[s]tatutory remedies that "support, rather than impair, the contractual scheme do not violate the Contracts Clause," and reasoning SB 707 "does not substantially impair contractual relationship" and "does not undermine the contractual bargain or interfere with a party's reasonable expectations because it merely imposes additional remedies that foster compliance with arbitration agreements"). Moreover, Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 provide remedies for an employer's breach of its obligations under the arbitration agreement by refusing to pay required arbitration fees, and does not invalidate the arbitration agreements. Laws providing remedies for breach of contract do not violate the Contract Clause. *See Bronson v. Kinzie*, 42 U.S. 311, 315–16 (1843) ("If the laws of the state passed afterwards had done nothing more than change the remedy upon contracts of this description, they would be liable to no constitutional objection. . . . [w]hatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract."); *Pure Wafer Inc. v. Prescott*, 845 F.3d 943, 952 (9th Cir. 2017) ("[A] State does not violate the Contract Clause if its challenged action does 'not change the legal enforceability of the . . . contracts'") (citation omitted).

Accordingly, Cal. Code Civ. Proc. §§ 1281.97 and 1281.98 are not unconstitutional under the Contract Clause of the California and United States constitutions.

**E.      Lift of Stay**

Moving Plaintiffs also request that the Court lift the stay in this action, including the stay of issuance of the FLSA Notice to class members.

The Court previously stayed proceedings pending the individual arbitration pursuant to 9 U.S.C. § 3 of the FAA, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. *In Sink v. Aden Enterprises, Inc.*, the Ninth Circuit stated: "If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay." 352 F.3d at 1201 (citing *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 653–54 (9th Cir. 1991) (vacating stay where party originally seeking stay defaulted in arbitration by delay and non-prosecution of claims); *Miller v. Aaacon Auto Transp., Inc.,* 545 F.2d 1019, 1020 (5th Cir. 1977) (per curiam) (same)). Here, Defendants defaulted in the arbitrations of Tolbert and Waldron-Parodi's claims by failing to pay the required costs for the arbitration within 30 days of the deadline set forth in the invoices. Therefore, the Court grants Moving Plaintiffs' request to lift the stay of this action as to Moving Plaintiffs' claims.

The Court previously granted Plaintiffs' motion for issuance of the FLSA notice because opt-in Plaintiff Radding's claims had not been compelled to arbitration and therefore Radding was a proper class representative with claims still being litigated in this action. (Dkt. No. 42.) However, Radding's claims were compelled to arbitration on October 13, 2020 and Radding's claims are still stayed pending her individual arbitration. (Dkt. No. 56.) Therefore, the Court vacates its prior order granting plaintiffs' motion for issuance of the FLSA Notice (Dkt. No.

42). To the extent Moving Plaintiffs Tolbert and Waldron-Parodi seek issuance of an FLSA notice, they shall file a renewed motion for issuance of the FLSA notice.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs Tequilla Tolbert and Kara Waldron-Parodi's Motion to Vacate Order Compelling their Claims to Arbitration and Lift Stay of Proceedings as to Tolbert and Waldron-Parodi's claims.

**IT IS SO ORDERED.**

DATED: April 13, 2021.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE