**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: John.Barber@lewisbrisbois.com
WESLEY A. KRUEGER, SB# 272860
E-Mail: Wesley.Krueger@lewisbrisbois.com
NIMA DAROUIAN, SB# 271367
E-Mail: Nima.Darouian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, SISYPHIAN, LLC DBA XPOSED GENTLEMEN'S CLUB and BRAD BARNES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEFFANIE AGERKOP, an individual; TEQUILLA TOLBERT, an individual; KARA WALDRON-PARODI, an individual; EMMA RADDING, an individual, and on behalf of all others similarly situated,

Plaintiff,

vs.

SISYPHIAN, LLC dba XPOSED GENTLEMAN'S CLUB, a California Limited Liability Company; BRAD BARNES, an individual; DOE MANAGERS 1-3; and DOES 4-100, inclusive,

Defendants.

Case No. 2:19-cv-10414-CBM-JPR

Assigned to Hon. Consuelo B. Marshall

COLLECTIVE ACTION

**OPPOSITION OF DEFENDANTS SISYPHIAN, LLC AND BRAD BARNES TO ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS AND THEIR COUNSEL SHOULD NOT BE HELD IN CONTEMPT AND ORDERED TO PAY SANCTIONS FOR THEIR DELIBERATE ATTEMPTS TO CIRCUMVENT THIS COURT'S AUTHORITY AND WILLFUL DISOBEDIENCE OF THIS COURT'S ORDERS, AND JOINDER TO OPPOSITION OF ATTORNEYS JEFFREY M. COHON AND PETER E. GARRELL**

DATE: January 4, 2021
TIME: 8:00 am
CTRM: 8B

Defendants SISYPHIAN, LLC, dba XPOSED GENTLEMEN'S CLUB and BRAD BARNES (collectively "Defendants") will and hereby do join in the Opposition of Attorneys Jeffrey M. Cohon and Peter E. Garrell ("Defendants'



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

Counsel") To Order To Show Cause As To Why Defendants And Their Counsel Should Not Be Held In Contempt And Ordered To Pay Sanctions. Defendants' Counsel's Opposition, the arguments, supporting pleadings, declarations, and the basis set forth the Defendants' Counsel in their separately-filed Opposition are equally applicable with respect to Defendants as Defendants' Counsel were, at all relevant times, representing Defendants and Defendants would make identical arguments. Defendants also join Defendants' Counsel's Opposition in the interest of judicial economy. Defendants incorporate by reference the opposition, and all supporting papers, memorandum of points and authorities, and Declaration of Jeffrey M. Cohon in support of the Opposition of Attorneys Jeffrey M. Cohon and Peter Garrell To Order To Show Cause [Dkt. No. 181].

In addition to joining the Opposition of Defendants' Counsel, Defendants oppose the Order To Show Cause As To Why Defendants And Their Counsel Should Not Be Held In Contempt And Ordered To Pay Sanctions for the separate and additional reasons as set forth in the memorandum of points and authorities below.

This joinder and opposition is based upon this Notice, the attached memorandum of points and authorities, Declaration of Brad Barnes, the Opposition filed by Defendants' Counsel [Dkt. No. 181] and its supporting declarations and exhibits, the pleadings, exhibits and documents on file herein and any other oral argument or documentary evidence as may be presented at the herein.

DATED: December 13, 2021

JOHN L. BARBER
WESLEY A. KRUEGER
NIMA DAROUIAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________________
WESLEY A. KRUEGER
Attorneys for Defendants, SISYPHIAN, LLC DBA XPOSED GENTLEMEN'S CLUB and BRAD BARNES

## TABLE OF CONTENTS

**Page**


**I. INTRODUCTION** ....... 3

**II. JOINDER IS PROPER BECAUSE THE SEPARATELY-FILED OPPOSITION BY DEFENDANTS' COUNSEL RAISES ARGUMENTS EQUALLY APPLICABLE TO DEFENDANTS** ....... 3

**III. DEFENDANTS HAVE NOT VIOLATED ANY COURT ORDER** ....... 4

- **A. The Agreement To Amend the *Nutt* Complaint To Include FLSA Claims Pre-Dates This Court's Order To Certify This Matter As A Collective Action** ....... 5
- **B. Defendants Complied With This Court's August Orders As They Produced The Dancer List** ....... 7

**IV. THE ORDER TO SHOW CAUSE MUST BE DISCHARGED AS CIVIL CONTEMPT SANCTIONS ARE NOT AVAILABLE UNDER THE PRESENT CIRCUMSTANCES** ....... 7

**V. DEFENDANTS DEFERRED TO THE EXPERTISE OF THEIR COUNSEL IN SETTLING THE *NUTT* ACTION CONSISTENT WITH A REASONABLE INTERPRETATION OF THE ORDERS OF THIS COURT** ....... 9

**VI. CONCLUSION** ....... 11




## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Bank Saderat Iran, N.Y. Agency v. Telegen Corp.*, 1997 U.S. Dist. LEXIS 16691 (N.D. Cal. 1997) .......... 10

*Bank Saderat Iran v. Telegen Corp.*, 30 Fed. Appx. 741, 2002 U.S. App. LEXIS 2247 (9th Cir.2002) .......... 10

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) .......... 6

*Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983) .......... 7

*Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129 (C.D.Cal.2001) .......... 3

*Int'l Union v. Bagwell*, 512 U.S. 821 (1994) .......... 8

*Labor/Community Strategy Ctr. v. L.A. County Metro. Transp. Auth.*, 564 F.3d 1115 (9th Cir. 2009) .......... 4

*Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006) .......... 4

*Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623 (9th Cir. 2016) .......... 4

*Shillitani v. United States*, 384 U.S. 364 (1966) .......... 8

*Sophanthavong v. Palmateer*, 378 F.3d 859 (9th Cir. 2004) .......... 5

*Spangler v. Pasadena City Board of Education*, 384 F. Supp. 846 (9th Cir. 1974) .......... 8, 10

*Taggart v. Lorenzen*, U.S. 139 S. Ct. 1795 (2019) .......... 5

*United States v. Armstrong*, 781 F.2d 700 (9th Cir. 1986) .......... 4

*United States v. United Mine Workers of America*, 330 U.S. 258 (1947) .......... 7

*Vertex Distrib. v. Falcon Foam Plastics, Inc.*,
689 F.2d 885 (9th Cir. 1982) ........ 9

*Whittaker Corp. v. Execuair Corp.*,
953 F.2d 510 (9th Cir. 1992) ........ 8

*Wilson v. City of Fountain Valley*,
372 F.Supp.2d 1178 (C.D.Cal.2004) ........ 3

**State Cases**

*Dearth v. Great Republic Life Insurance Company*,
9 Cal.App.4th 1256 (1992) ........ 3

*Robinson v. Vivendi Universal*,
No. CV 04-09722 WMB ........ 3

*The Agreement To Amend the Nutt Complaint To Include FLSA Claims Pre-Dates This Court's Order To Certify This Matter As*
A Collective Action ........ 3, 4, 5, 6, 7, 8, 9, 10

**Statutes**

California Labor Code § 450 ........ 6

FLSA ........ 5, 6, 8, 9, 10

FLSA add ........ 6, 9



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In addition to all of the reasons stated in Defendants' Counsel's Opposition in which Defendants join, the Court's Order to Show Cause should be discharged as to Defendants because: (1) there is no clear and convincing evidence that Defendants violated any Court order; (2) civil contempt sanctions are not appropriate as there is no need to coerce future compliance because the *Nutt* action is not proceeding on a class-wide basis; and (3) civil contempt sanctions are not appropriate against Defendants because Mr. Barnes and the Club properly relied on their counsel to settle the *Nutt* matter in a manner consistent with a reasonable interpretation of this Court's orders.

## II. JOINDER IS PROPER BECAUSE THE SEPARATELY-FILED OPPOSITION BY DEFENDANTS' COUNSEL RAISES ARGUMENTS EQUALLY APPLICABLE TO DEFENDANTS

When issues common to multiple defendants are raised and argued in one defendant's motion, the Court should decide the common issues in favor of all of the affected defendants without requiring that each defendant file separate motions to re-raise and to re-argue those same legal issues. *Dearth v. Great Republic Life Insurance Company*, 9 Cal.App.4th 1256, 1282 (1992). Indeed, it is common practice in the Central District for litigants to join in the motions and briefs of co-parties. *Robinson v. Vivendi Universal*, No. CV 04-09722 WMB (MCX, 2005 WL 5748318, at *7 (C.D. Cal. Nov. 22, 2005) ["Motions to join summary judgment motions are commonplace in this District. *See, e.g., Wilson v. City of Fountain Valley*, 372 F.Supp.2d 1178 (C.D.Cal.2004); *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129 (C.D.Cal.2001)."] Doing so promotes judicial economy and conserves judicial resources and minimizes duplicative briefing.

/ / /

/ / /



Here, Plaintiffs' motion makes the same arguments against Defendants and their counsel Jeffrey M. Cohon, arguing that Defendants and their counsel collectively took actions. (Dkt. No. 154, Ex Parte Appl. For OSC Why Defendants and Their Counsel Should Not Be Held In Civil Contempt and Ordered to Pay Sanctions For Deliberate Attempts to Circumvent This Court's Authority and Willful Disobedience of This Court's Orders [hereinafter "OSC Re: Contempt.) Therefore, the procedural history, arguments, facts, and supporting evidence and declarations presented by Defendants' Counsel in their separately filed opposition [Dkt. No. 181] are equally applicable with respect to Defendants as Defendants' Counsel was at all relevant times representing Defendants in both the prior-filed State Court Action filed by dancer Stevie Nutt (the *Nutt* case or State Court Action) and this current action. The facts and arguments are identical for Defendants, and it is practical, proper, and in the interest of judicial economy for Defendants to join in the opposition in its entirety, rather than repeat the same arguments.

## III. DEFENDANTS HAVE NOT VIOLATED ANY COURT ORDER

"A court's contempt powers are broadly divided into two categories: civil contempt and criminal contempt." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016). As relevant here, civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive" *United States v. Armstrong*, 781 F.2d 700, 703 (9th Cir. 1986). The Order to Show Cause now pending before this Court is for civil contempt only. [Dkt. No. 161.]

As the party alleging civil contempt, Plaintiffs bear the burden of showing "(1) that [defendants] violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Community Strategy Ctr. v. L.A. County Metro.*

*Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Clear and convincing evidence requires greater proof than a preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce "in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866-67 (9th Cir. 2004). The Supreme Court has held that civil contempt "should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, U.S. 139 S. Ct. 1795, 1801-02 (2019). Because civil contempt is a "severe remedy," the "principles of basic fairness require that those enjoined receive explicit notice' of what conduct is outlawed before being held in civil contempt." *Taggart v. Lorenzen, supra*, U.S. 139 S.Ct. at 1802.

Plaintiffs allege two theories as to how Defendants violated an order of this Court. First, Plaintiffs contend that Defendants violated this Court's August 4, August 20, and August 30, 2021 Orders to produce the dancer list by stalling production of the list in order to first certify a collective in the *Nutt* case. (OSC re Contempt, 2:1-3.) Second, Plaintiffs allege that, knowing this action had already been certified, Defendants tried to circumvent this Court's Order to certify this matter as a collective action on August 4, 2021 [Dkt. No. 97], by having FLSA claims added to the *Nutt* complaint for the first time in September 2021. (Dkt. No. 157, Plaintiffs' Reply In Support of Ex Parte Application For An Order To Show Cause, [hereinafter "Reply re: Contempt"], 1:23-26.) As detailed below and in Defendants' Counsel's Opposition, both theories are equally meritless; therefore, this Court should discharge the Order to Show Cause.

### A. <u>The Agreement To Amend the *Nutt* Complaint To Include FLSA Claims Pre-Dates This Court's Order To Certify This Matter As A Collective Action</u>

There is no ploy to undermine this Court's jurisdiction, no forum shopping, and no gamesmanship. Exhibit "G" to the Declaration of Jeffrey M. Cohon

establishes that Defendants' counsel and plaintiff's counsel in the *Nutt* case confirmed that the *Nutt* complaint would be amended to include FLSA claims at least **six months before** this Court first preliminarily certified this action as a FLSA collective class on August 18, 2020.[1] (Defendants' Counsel's Opposition, Cohon Decl., Ex. G.) The February 5, 2020 email from counsel for Defendants in the *Nutt* case, Robert I. Manuwal, states

> "your [Nutt's counsel's] bubble comment was correct and you accurately remembered that the FAC was going to be amended to add several claims, including the California Labor Code Section 450 and FLSA claims for alleged violations of the Fair Labor Standards Act…"

(Cohon Decl., Ex. G.) This email alone mandates that the Order to Show Cause be discharged, as it conclusively disproves Plaintiff's allegation that Defendants tried to circumvent this Court's authority by having FLSA claims added to the *Nutt* complaint for the first time in September 2021. As the email establishes, all counsel in the *Nutt* action agreed when that matter was settled in September 2019, three months before this current lawsuit was even filed, and eleven months before this action was preliminarily certified, that settlement of the *Nutt* action would include amending the complaint to add FLSA claims so that the settlement would be as comprehensive as possible. (*Id*.; Cohon Decl. ¶ 21.)

Plaintiffs provide no authority for their theory that, simply because this Court later granted preliminary certification on Plaintiff's top-filed action, Defendants' counsel was then prohibited from taking further action to effectuate a two-year old agreement to settle the *Nutt* Action, which involved adding FLSA claims to the *Nutt* complaint. Such a theory is directly contradictory to the concurrent jurisdiction that the State Court and this Court have over these class and collective claims. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820, (1976).

[1] The Court later vacated this order on April 13, 2021. [Dkt. No. 72.]

**B. Defendants Complied With This Court's August Orders As They Produced The Dancer List**

As detailed in depth in Defendants' Counsel's Opposition, to which Defendants join, Defendants produced everything regarding the dancer list, and the Court and counsel agreed that Defendants were one hundred percent (100%) in compliance with the Court's Orders. (Defendants' Counsel's Opposition, 18-19.) In its September 17, 2021 Order, the Court held that it would only consider assessing the per diem fine as a civil contempt sanction which Plaintiffs are again seeking *if*, without good cause, Defendants failed to produce all of the dancer contact information by October 4, 2021. [Dkt. No. 124.] Since Defendants produced all of the dancer contact information that was ordered by the Court's deadline, and because all parties and this Court agree that Defendants are in full compliance with the Court's August 4, August 20, and August 30, 2021 Orders, there is no violation of ***those orders*** for which Defendants can be in contempt.

**IV. THE ORDER TO SHOW CAUSE MUST BE DISCHARGED AS CIVIL CONTEMPT SANCTIONS ARE NOT AVAILABLE UNDER THE PRESENT CIRCUMSTANCES**

Any prior actions by Defendant and/or Defendant's Counsel cannot serve as the basis for imposing civil contempt sanctions. If the purpose of a court's contempt order is to punish past defiance and to vindicate the court's judicial authority, it is a criminal sanction. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). A court may impose civil contempt sanctions to either: (1) compel or coerce obedience to a court order; and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947). Here, Plaintiffs have not, and do not allege, that they have sustained any losses and are entitled to compensation for actual damages. Instead, Plaintiffs argue that contempt sanctions are necessary to punish Defendants for an alleged past act, and further, to prohibit notice in the *Nutt*

action being issued first and to prevent competing notices from being issued (OSC re: Contempt 7:16-17; Reply re: Contempt p. 2:12-13.)

However, civil contempt sanctions with the purpose to coerce a defendant into conformity with the terms of an order can only be imposed if the defendant has an actual opportunity to avoid the fine through compliance. *Int'l Union v. Bagwell*, 512 U.S. 821, 829 (1994). "Sanctions which are designed to coerce compliance are by their very nature 'conditional' sanctions; they only operate if and when the person found in contempt violates the order in the future." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). A court's power to impose coercive civil contempt depends upon the ability of the contemnor to comply with the court's coercive order. *Shillitani v. United States*, 384 U.S. 364, 371 (1966).

Therefore, even if this Court finds that a previous order in fact prohibits Defendants from effectuating the settlement reached in the *Nutt* action more than two years ago by amending the *Nutt* complaint to include FLSA causes of action, a civil contempt sanction award could only be imposed to coerce obedience in the future. It cannot be imposed to punish any alleged completed act of disobedience the court finds. *Int'l Union v. Bagwell*, *supra*, 512 U.S. at 828.

Further, there is no risk of any such future conduct occurring because the *Nutt* action is no longer proceeding as a class action. (Cohon Decl., ¶ 62.) With no risk of future violations, and therefore, no ability of Defendants and Defendants' Counsel to avoid the civil contempt sanctions by complying, there is no basis to grant civil contempt sanctions. The fact that the *Nutt* action is no longer proceeding as a class action effectively purges any potential or alleged contempt, and is therefore on its own a reason why this Order to Show Cause should be discharged. *Spangler v. Pasadena City Board of Education*, 384 F. Supp. 846, 851 (9th Cir. 1974).

/ / /

/ / /

/ / /



## V. DEFENDANTS DEFERRED TO THE EXPERTISE OF THEIR COUNSEL IN SETTLING THE *NUTT* ACTION CONSISTENT WITH A REASONABLE INTERPRETATION OF THE ORDERS OF THIS COURT

"If a defendant's action appears to be based on a good faith and reasonable interpretation of (the court's order), he should not be held in contempt." *Vertex Distrib. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). In *Vertex*, the 9th Circuit recognized an exception to the general rule that intent is irrelevant in civil contempt proceedings. *Vertex, supra*, 689 F.2d at 889. The *Vertex* court, recognizing that substantial compliance is a valid defense to a finding of civil contempt, and relying on the well-established rule that a "vague" order may not be enforced, held that where a defendant's action is based on a reasonable interpretation of a court order, the defendant should not be held in contempt. *Id*, at 889-891.

Here, Defendants' counsel's stipulation to add FLSA claims to the *Nutt* complaint, is consistent with a reasonable interpretation of this Court's August 18, 2020 Order [Dkt. No. 42] and August 4, 2021 Order [Dkt. No. 97] granting preliminary certification. Nothing in either of the above orders specifically prohibits Defendants from effectuating the *Nutt* settlement by amending the *Nutt* complaint to include FLSA claims as required by the *Nutt* settlement. Indeed, in the August 18, 2020 Order, the Court specifically declined to stay this action and permitted the *Nutt* case and this case to proceed in parallel, with both courts having concurrent jurisdiction. [Dkt. No. 42, 12:14-17.] Defendants actions in September 2021, to amend the Nutt complaint to add FLSA claims to effectuate the agreement reached at the Nutt mediation in September 2019 and memorialized in February 2020, is therefore based on a reasonable interpretation of this Court's orders, and Defendants should not be held in contempt.

/ / /

/ / /

Further, Mr. Barnes and the Club properly relied on their counsel to settle the *Nutt* matter in a manner which complied with this Court's orders. Clients like Mr. Barnes and the Club do not have an independent obligation to double-check the work of their attorney, and have a right to rely on their attorney's advice about legal matters. *Bank Saderat Iran, N.Y. Agency v. Telegen Corp.*, 1997 U.S. Dist. LEXIS 16691, *25 (N.D. Cal. 1997)(affirmed in part and reversed in part by *Bank Saderat Iran v. Telegen Corp.*, 30 Fed. Appx. 741, 2002 U.S. App. LEXIS 2247 (9th Cir.2002). Mr. Barnes believed that when the *Nutt* action settled in September 2019, the Club was settling all causes of action, both state and federal, that were alleged, or could have been alleged based on the facts in the complaint by all of the dancers who worked at the Club from May 31, 2014, to the present. (Declaration of Brad Barnes ("Barnes Decl."), ¶ 6.) Mr. Barnes is not an attorney. (*Id*., ¶ 4.) Mr. Barnes is not aware of the differences between a class or collective action, nor is he knowledgeable as to how a latter filed FLSA collective action in federal court can proceed concurrently with the *Nutt* state court action. (*Id*. ¶ 8.) Instead, Mr. Barnes properly relied on the expertise of his attorneys, Mr. Cohon and Mr. Manuwal, to effectuate the *Nutt* settlement through a settlement agreement and the proper legal proceedings in a manner consistent with the orders of the *Nutt* court and this District Court. (*Id*. ¶¶ 4, 7.) If moving forward with the agreement to amend the *Nutt* complaint after the Court preliminary certified this matter as a collective action, in fact violated the Court's preliminary certification orders on August 18, 2020 and August 4, 2021, the actions are by Defendants' Counsel, not Defendants. Therefore, Defendants' reliance on the advice of counsel operates to mitigate the severity of civil contempt sanctions, should the court hold that contempt sanctions should be imposed. *Spangler v. Pasadena City Board of Education*, supra, 384 F. Supp. at 850.

/ / /

/ / /

/ / /

## VI. CONCLUSION

For all of the foregoing reasons and the reasons set forth in the Opposition of Defendants' Counsel to which Defendants join in, Defendants respectfully submit that this Court find that Defendants have not willfully disobeyed any of this Court's Orders and have not deliberately attempted to circumvent this Court's authority and should not be held in contempt nor ordered to pay sanctions.

DATED: December 13, 2021

JOHN L. BARBER
WESLEY A. KRUEGER
NIMA DAROUIAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________________
WESLEY A. KRUEGER
Attorneys for Defendants, SISYPHIAN, LLC DBA XPOSED GENTLEMEN'S CLUB and BRAD BARNES